### ROBT. REED ET AL. v. CINCINNATI (CITY).

DISCRETION OF COURT AS TO DIVISION OF COSTS.

> Where, in a case in which equitable relief is sought on certain grounds set forth in the petition, and afterwards, other and different grounds are set up by an amended petition, one of them being that the resolution to improve the street, and the assessing ordinance, (the execution of which was sought to be enjoined), were not legally passed which allegations of the original and amended petitions were all denied by the city and on the trial of the action was dismissed by the court, and the relief sought denied,—each party to pay one-half of the costs, to which judgment the plaintiff excepted, but no motion for a new trial was made, and no bill of exceptions taken setting out the evidence—on a petition in error filed to reverse such judgments, as to the costs, it should not be done, though it appears that the defects in the manner of passing such resolution and ordinance had been cured by an act of the legislature, passed after the commencement of such suit.

ERROR to the Court of Common Pleas of Hamilton county.

SMITH, J.

In this case, and in about fifty others which were heard with it, the same question is presented. It arises in this way: Reed and others, the plaintiffs below filed their original petitions in the court of common pleas of this county to enjoin the collection of a small part of an assessment averred to have been levied upon their property by the city authorities for the improvement of a portion of Bates avenue, and which assessment against their property was averred to be too great. An answer was filed by the City denying the allegations of the petition. Afterwards, by leave of the court, an amended petition was filed, which averred that the resolution to improve, and the ordinance to assess the abutting property therefor, were not legally passed, and were wholly void, for the reason that the same were not read on three different days, as the statute required, unless such rule be legally suspended, and that this rule was not legally suspended, as by the same resolution to suspend the rule as to this ordinance and

resolution, it was also suspended as to other ordinances and resolutions. Wherefore the prayer was that the whole of the assessment so made be enjoined. This, of course, was a wholly different case from that made by the original petition.

The answer filed by the City to this amended petition averred the due and legal passage of the ordinance and resolution; and for a second defense, averred that if the resolution and ordinance were passed in the manner averred in the amended petition, that they were passed by the requisite majorities after due notice to all of the plaintiffs. That the authorities were urged to make the improvement, and plaintiffs were personally present when such ordinance was passed, and stood by and saw the improvement made thereunder without protest or objection. That the improvement made was of great benefit to the property of the plaintiff, to an amount equal to that assessed on their property respectively. This new matter was denied by the reply of the plaintiffs.

At the trial, the court found that the defendant was a city of the first grade of the first class; that the plaintiffs severally owned the property claimed by them. That the ordinance to improve was passed in the manner set out in the amended petition, and was duly published. That it was passed in pursuance of a resolution declaring the improvement to be necessary, and that such resolution was duly published and notice thereof served upon plaintiffs. That the improvement was made and the cost assessed upon the abutting property as stated in the petition, and that the cost and expense thereof incurred by the city was equal to the amount of the assessment.

As a matter of law, the court found that plaintiffs were not entitled to the relief or injunction claimed, and dismissed the petition ordering each side to pay one-half the costs. To this judgment the plaintiffs excepted, and the City excepted to the judgment against it for one-half of the costs. No motion for a new trial was filed, and no bill of exceptions taken, but petitions in error were filed to raise the question whether the judgment of the court was right on the facts found, intending, doubtless, to claim that on the facts found, the assessing ordinance was wholly void. But as the Supreme Court, since the decision in the case in the common pleas, has held that the act curing the defects complained of was valid, the only point of error presented is, that the court taxed one-half of the costs to the plaintiffs; and that as the curative act was passed after the commencement of this suit, at the instance of the city, (which last fact is not shown), that as plaintiff had a good cause of action at the time he commenced his suit, the subsequent action of the legislature ought not to deprive him of his right to costs, though the relief sought should be refused.

There is some show of justice and equity in this claim; but we are of the opinion that no such error appears in the case as would justify us in reversing the judgment on this ground. In the first place, it may be said that this case is one of the kind provided for in section 5351, Revised Statutes, in which the court is authorized to "award and tax costs and apportion them between the parties, on the same or adverse sides as it may adjudge to be right and equitable."

Evidently, this puts the question of the payment of costs largely, if not entirely, in the discretion of the trial court. It may be it is a legal discretion, but then it must have been clearly abused to justify its reversal on error. The evidence given in the case is not disclosed. It may have shown a state of fact which would have justified the court in taxing all of the costs to plaintiff. There were facts alleged in the answer which, if true, made the assertion of the claim one not to be encouraged. No finding was made on this, perhaps for the reason that it was not considered necessary in view of what was found. But plaintiffs should have been taxed with a part of the costs made on the original petition and the answer thereto. There is nothing disclosed to show any error in the judgments of the court in those cases, and they will be affirmed with costs.

*W. M. & F. C. Ampt*, for plaintiffs in error.

*Fred Hertenstein* and *W. H. Whitaker*, for City.